IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PAUL SCHNETZER, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 6:15-cv-736 |
| SARTAIN STRUCTURES, INC. and ROBERT SARTAIN | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | COLLECTIVE ACTION |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Paul Schnetzer ("Schnetzer" or "Plaintiff") files this Complaint against Sartain Structures, Inc. ("SSI") and Robert Sartain ("Sartain") (collectively "Defendants"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek.

2. Plaintiff files this lawsuit on behalf of himself and as a FLSA collective action on behalf of all other similarly situated individuals who worked for Defendants as hourly construction workers, and like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3. Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II. THE PARTIES, JURISDICTION AND VENUE

### A. Plaintiff Paul Schnetzer

4. Schnetzer is a natural person who resides in Upshur County, Texas. He has standing to file this lawsuit.

5. Schnetzer was employed by Defendant as an hourly paid construction worker where he worked for Defendant in and around Gladewater, Texas.

6. Schnetzer is a former employee of Defendant whose dates of employment are approximately 2000 to March 2015.

### B. Collective Action Members

7. The putative collective action members are all current and/or former hourly construction worker employees of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. While their precise job duties might vary somewhat as construction worker employees, those differences do not matter for purposes of determining their entitlement to overtime pay. Because Defendants did not pay all overtime premium compensation to its hourly construction worker employees who routinely worked in excess of 40 hours per workweek, Plaintiffs and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

8. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

### D. Defendant Sartain Structures, Inc.

9. Defendant SSI is a corporation organized under the laws of the State of Texas.

10. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

11. Defendant's principal place of business is at or near 9632 Union Grove Road, Gladewater, Texas 75647.

12. SSI is a covered "employer" pursuant to the FLSA.

13. Alternatively, SSI is a covered "joint employer" pursuant to the FLSA.

14. At all times relevant to this lawsuit, Defendant SSI is and has been an "enterprise engaged in commerce" as defined by the FLSA.

15. At all times relevant to this lawsuit, Defendant SSI employed, and continues to employ, two or more employees.

16. At all times relevant to this lawsuit, Defendant SSI employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

17. For example, Defendant SSI employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include performing structural steel and precast concrete contracting services offered/provided by Defendants.

18. Furthermore, Defendant SSI employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include steel construction products such as steel rods, rebar, mesh and cages.

19. Defendant SSI may be served with summons through its registered agent, Robert Sartain, 9632 Union Grove Road, Gladewater, Texas 75647.

### E. Defendant Robert Sartain

20. Defendant Robert Sartain is a natural person and is the president and director of Sartain Structures, Inc.

21. Sartain is a covered "employer" pursuant to the FLSA.

22. Alternatively, Sartain is a covered "joint employer" pursuant to the FLSA.

23. Sartain has/had operational control over SSI's compliance with the FLSA. As SSI's president and director, Sartain is/was active in the day-to-day business operations of the company and has/had responsibility for SSI's compliance with the FLSA with respect to its hourly employees.

24. Sartain has/had the power to: hire and fire employees; supervise and/or control the employees' work schedules and/or conditions of employment; determine the rate or method of compensation for employees; and control/maintain employees' records.

25. Sartain may be served with summons at 9632 Union Grove Road, Gladewater, Texas 75647.

### F. Jurisdiction and Venue

26. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

27. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

28. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

29. Venue is proper in the United States District Court for the Eastern District of Texas because Defendants maintain their principal place of business within this District and a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

30. Venue is proper in the Tyler Division of the United States District Court for the Eastern District of Texas because, as previously identified, Defendants maintain their principal place of business within the Tyler Division and a substantial part of the events giving rise to the claims in this lawsuit occurred in the Tyler Division.

### III. FACTUAL BACKGROUND

31. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

32. During times relevant, Defendants employ/employed numerous hourly construction workers in connection with its contracting operations, including operations in Texas.

33. Defendants provide products and services to the building construction industry and maintain an operational office in Gladewater, Texas. Defendants maintain primary business operations out of that location, and hourly construction workers are/were directed out of that office to specific worksites to provide products and services to Defendants' customers.

34. Plaintiff was an hourly employee who worked on or in support of Defendants' operations in Texas. Plaintiff routinely worked in excess of 40 hours in a seven day workweek.

35. Plaintiff was a non-exempt employee of Defendants pursuant to the FLSA. When he worked more than 40 hours per seven day workweek, he was entitled to receive overtime premium compensation at the rate of one and one-half times his regular rate of pay for all such hours worked over 40.

36. Defendants had a practice and policy not to pay Plaintiff for all hours of work per workday.

37. Defendants would assign a typical construction worker their daily work schedule, which included a scheduled set start time as determined by Defendants. For example, a typical hourly construction worker might regularly work 50 hours weeks. In addition to a full Monday-Friday schedule, a typical hourly construction worker was often required to work Saturdays and/or Sundays.

38. Plaintiff and the putative class members have substantially similar job duties, compensation methods and FLSA exemption status.

39. Defendants did not maintain an accurate record of total hours worked by Plaintiff on a daily and weekly basis.

40. Although Defendants have recently terminated many employees, on information and belief, they continue to employ hourly construction workers that are subject to the aforementioned practices/policies to not include all remuneration required by the FLSA in their respective regular rate of pay when calculating the overtime wages owed.

### IV.   CONTROLLING LEGAL RULES

41. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

42. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

43. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not

enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

44. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

45. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

46. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

47. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

## V. FLSA CLAIMS

48. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

49. All conditions precedent to this suit, if any, have been fulfilled.

50.     At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

51.     At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

52.     Plaintiff and putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

53.     Plaintiff and the putative collective action members are/were paid an hourly rate of pay by Defendant.

54.     At material times, Plaintiff and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

55.     Defendant is/was required to pay Plaintiff's and the putative collective action members' time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

56.     Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

57.     The putative collective action members are/were similarly situated to the Plaintiffs and to each other under the FLSA. 29 U.S.C. § 203(e).

58.     Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff and the putative collective

action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

59. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

60. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

61. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and former hourly paid construction workers who are/were employed by Defendant and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

62. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

63. Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

64. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

65. Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

    a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

    b. All damages allowed by the FLSA, including back overtime wages;

    c. Liquidated damages in an amount equal to back FLSA mandated wages;

    d. Legal fees;

    e. Costs;

    f. Post-judgment interest;

    g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Respectfully submitted,

By:   s/ Allen R. Vaught
        Allen R. Vaught
        Attorney-In-Charge
        TX Bar No. 24004966
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas 75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFFS